UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

---

| | |
|---|---|
| CHADWICK WRIGHT | CIVIL ACTION NO. 12-2057 |
| VERSUS | JUDGE DONALD E. WALTER |
| WARDEN OF THE LOUISIANA STATE PENETENTIARY | MAGISTRATE JUDGE MCCLUSKY |

---

## MEMORANDUM RULING

Before the Court is a Rule 60(b) motion for relief from judgment or order, filed by Petitioner Chadwick Wright ("Wright"). See Record Document 40. For the reasons assigned below, Wright's motion is **DENIED**.

### BACKGROUND

On July 19, 2006, a Louisiana jury found Wright guilty of one count of second-degree murder, and Wright was subsequently sentenced to life in prison at hard labor. See Record Document 22-1 at 8. Wright appealed his conviction and sentence to the Louisiana Second Circuit Court of Appeal, which affirmed both. See State v. Wright, 42,956 (La. App. 2 Cir. 3/5/08), 978 So.2d 1062. Wright then requested a writ of certiorari with the Louisiana Supreme Court, which was denied. See State v. Wright, 2008-0819 (La. 10/31/08), 994 So.2d 532.

Between 2009 and 2010, Wright filed two applications for state post-conviction relief ("PCR application"). See Record Document 22-1 at 9. Wright's first PCR application alleged that he was denied his (1) Fifth and Fourteenth Amendment rights when the prosecutor introduced fabricated ballistics evidence to obtain a conviction; and (2) Sixth Amendment rights because defense counsel failed to conduct a minimum investigation. See Record Document 27 at 5. The trial court denied Wright's first claim as procedurally barred under state law and denied his second

claim on its merits.  See id.  Wright's second PCR application combined his prior claims into a single claim for ineffective assistance of trial counsel based on his claim that his counsel aided the prosecution in allowing fabricated ballistics evidence to be admitted at trial.  See Record Documents 13-4 at 40-56 and 27 at 5.  The state trial court denied Wright's second PCR application as repetitive and successive.  See Record Document 27 at 6.  The Louisiana Second Circuit Court of Appeal affirmed both decisions and the Louisiana Supreme Court subsequently denied certiorari as to the first PCR application and affirmed the lower courts as to the second PCR application. See id. at 5-6.

On July 30, 2012, Wright filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254 in this Court,[1] raising three claims.  See Record Document 1.  Specifically, Wright argued that (1) the prosecutor introduced fabricated and altered evidence; (2) his trial counsel was ineffective for failing to investigate the circumstances surrounding his trial; and (3) his trial counsel helped the prosecution prevent Wright from "discovering and revealing to the jury the inclusion of the admissible/fabricated evidence."  Record Document 1 at 7, 8, 12.

On June 25, 2013, Magistrate Judge Hayes issued a Report and Recommendation ("R&R") denying Wright's habeas petition in its entirety, finding that his first and third claims were procedurally barred and denying his second claim on its merits.  See Record Document 27.  Judge Trimble ultimately adopted Judge Hayes's R&R in full, denying Wright's habeas petition with prejudice.  See Record Document 33.  On February 8, 2023, Wright filed the instant motion, urging the Court to vacate Judge Trimble's judgment denying Wright's habeas petition as to only the claims which were denied as procedurally barred.  See Record Document 40.

---

[1] Wright's case was originally assigned to Judge Trimble and Magistrate Judge Hayes.  However, after the instant motion was filed, this matter was reassigned to the undersigned and Magistrate Judge McClusky pursuant to the Court's Standing Order 1.62.  See Record Document 39.

**MOTION FOR RECONSIDERATION STANDARD**

Federal Rule of Civil Procedure 60(b)(6) "allows a party to seek relief from a final judgment, and request reopening of his case" for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6); see also Gonzalez v. Crosby, 545 U.S. 524, 528-29, 125 S.Ct. 2641 (2005) (internal citations omitted). "Rule 60(b)(6) is a grand reservoir of equitable power to do justice . . . . The broad language of clause (6) gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice." Hesling v. CSX Transp., Inc., 396 F.3d 632, 642 (5th Cir. 2005) (quoting Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1458 (5th Cir. 1992)) (internal quotations omitted). However, "Rule 60(b) is an uncommon means for relief and 'final judgments should not be lightly reopened.'" Cerf v. Parinello, No. 22-CV-1384, 2022 WL 4856455, at *1 (S.D. Tex. Sept. 7, 2022) (quoting Lowry Dev., LLC v. Groves & Assocs. Ins., Inc., 690 F.3d 382, 385 (5th Cir. 2012)). Accordingly, relief under Rule 60(b)(6) is granted only under extraordinary circumstances. See Am. Totalisator Co., Inc. v. Fair Grounds Corp., 3 F.3d 810, 815 (5th Cir. 1993) (internal citations omitted). Importantly, "[a] motion under Rule 60(b)[6] must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

**ANALYSIS**

In his motion, Wright argues that he was unconstitutionally denied counsel to assist him in bringing his ineffective assistance of trial counsel claims. See Record Document 40-1 at 18. Wright notes that in Louisiana, the first chance an inmate has to raise claims of ineffective trial counsel is during PCR proceedings and to be appointed counsel during PCR proceedings, an inmate must make a showing on the merits. See id. at 19. Wright explains that during his PCR proceedings, he was illiterate and had no access to the prison law library, making it impossible for him to make a showing on the merits in order to qualify for counsel. See id. Wright argues that

3

"[t]he State's failure to appoint appellate counsel to raise [his] ineffective assistance of trial counsel claim at the State's initial collateral proceeding designated for raising claims of ineffective assistance of trial counsel . . . violated [his] . . . constitutional right." Id. at 22.

A. Subject Matter Jurisdiction

As an initial matter, this Court must determine whether Wright's motion is a true Rule 60(b) motion or rather, is a "second or successive" habeas corpus petition. If the instant motion is a Rule 60(b) motion, this Court may decide it on its merits. See Ruiz v. Quarterman, 504 F.3d 523, 526 (5th Cir. 2007). However, if it is a successive habeas petition masquerading as a Rule 60(b) motion, the Court must dismiss Wright's motion for lack of subject matter jurisdiction. See id. at 535 n.2.

"A Rule 60(b) motion is properly construed as a successive habeas petition where it 'seeks to add a new ground for relief,' or 'attacks the federal court's previous resolution of a claim on the merits.'" Gonzales v. Davis, 788 F. App'x 250, 252 (5th Cir. 2019) (quoting Gonzalez, 545 U.S. at 532, 125 S.Ct. at 2644). The Supreme Court has defined "on the merits" as "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Gonzalez, 545 U.S. at 532 n.4, 125 S.Ct. at 2648 n.4. "However, motions that 'attack[], not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' are not successive petitions." Gonzales, 788 F. App'x at 252 (quoting id.).

Here, Wright's motion is a true Rule 60(b) motion. The basis of Wright's motion is that Louisiana's PCR proceedings constitute the first instance an inmate may bring an ineffective assistance of counsel claim and because inmates are not entitled to counsel during PCR proceedings absent a showing on the merits, Louisiana's PCR framework unconstitutionally denies

4

counsel in those proceedings. This argument does not raise a new claim because it does not attack Wright's conviction. Nor is Wright attacking a federal court's previous ruling on the merits. See Gonzalez, 545 U.S. at 532 n.4, 125 S.Ct. at 2648 n.4 (A movant does not attack a merits-based resolution "when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, **procedural default**, or statute-of-limitations bar") (emphasis added). Accordingly, the instant motion is a true Rule 60(b) motion and, thus, this Court may exercise subject matter jurisdiction over it.

B. Timeliness

Before addressing the merits of Wright's motion, the Court must consider whether his motion is timely. Wright files his motion under Rule 60's catchall provision, which allows the Court to grant relief from a final judgment or order for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A motion filed under Rule 60's catchall provision "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

In this case, the judgment from which Wright seeks relief was entered on August 23, 2013. See Record Document 33. Wright filed the instant Rule 60(b) motion on February 8, 2023, nearly ten years after the judgment was entered. The Court cannot say that a delay of nearly a decade between this Court's dismissal of his habeas petition and Wright's Rule 60(b) motion is reasonable, particularly because he has not offered any explanation for this delay.[2] See Gill v. Wells, 610 F.

---

[2] Wright does note that when filing his PCR applications and habeas petition, he was illiterate, "unlearned in the science of law," and had access only to state approved inmate substitute counsel to prepare his filings. Record Document 40-1 at 4. Importantly, Wright does not cite these circumstances as a reason for the lengthy delay between Judge Trimble's denial of his habeas petition and the instant motion. However, even assuming that Wright has remained illiterate and "unlearned in the science of law" and that he had cited this as the reason for his untimely motion, he does not explain why he could not utilize state approved inmate substitute counsel to prepare the instant motion at any point during the past decade.

5

App'x 809, 813 (11th Cir. 2015) (finding that the petitioner's Rule 60(b) motion that was filed ten years after the challenged judgment was not filed within a reasonable time); see also Jackson v. Lumpkin, No. 9-CV-3656, 2020 WL 12969193, at *1 (S.D. Tex. Aug. 31, 2020) (a Rule 60(b)(6) motion filed ten years after the court dismissed the movant's petition was not made within a reasonable time); see also Pierce v. Kyle, 535 F. App'x 783, 785 (11th Cir. 2013) (finding that a Rule 60(b) motion filed more than one year after the dismissal of a complaint was not filed within a reasonable time, particularly because the movant did not explain why he waited so long to file the motion); see also Glean v. Sikes, No. 598-CV-17, 2014 WL 4928885, at *2 (S.D. Ga. Sept. 26, 2014) (a Rule 60(b) motion filed twelve years after his habeas petition was denied was not filed within a reasonable time). Thus, Wright's motion is untimely and must be **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Wright's motion (Record Document 40) is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 8th day of May, 2023.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE