UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHADWICK WRIGHT | CIVIL ACTION NO. 12-2057 |
| VERSUS | JUDGE DONALD E. WALTER |
| WARDEN OF THE LOUISIANA STATE PENETENTIARY | MAGISTRATE JUDGE MCCLUSKY |

**ORDER**

Before the Court is Petitioner Chadwick Wright's ("Wright") "Motion for Relief from This Court's May 8, 2023, Memorandum Ruling Denying Relief from This Court's Judgment Denying My Person Habeas Relief (Record Document 40)." Record Document 45. The basis of Wright's motion is that the Court erred in denying Wright's February 8, 2023, "Motion for Reconsideration," as untimely. See Record Documents 40 and 43. Specifically, Wright argues he was not required to explain the nearly ten-year delay[1] in filing his initial motion for reconsideration because "[n]othing within the language of the Federal Rules of Civil Procedure Rule 60 indicates a notice that motion submitted for activating a proceeding for obtaining relief from judgment must retain an explanation within the pleading demonstrating relief sought from a judgment has been initiated at a reasonable time [sic]." Record Document 45-1 at 2.

The language of Rule 60, which explicitly requires that motions for reconsideration "must be made within a reasonable time," puts moving parties on notice that there is an element of timeliness to a motion under Rule 60. Fed. R. Civ. P. 60(c)(1). Reasonableness turns on the

---

[1] The judgment from which Wright seeks relief was entered on August 23, 2013. See Record Document 33. Wright filed his first Rule 60(b) motion on February 8, 2023, nearly ten years after the judgment was entered. See Record Document 40.

"particular facts and circumstances of the case." Travelers Ins. Co. v. Liljeberg Enters., Inc., 38 F.3d 1404, 1410 (5th Cir. 1994)). Wright failed to address this requirement in his first motion for reconsideration, and while pro se motions are liberally construed, pro se parties are not exempt from adhering to the Federal Rules of Civil Procedure. See E.E.O.C. v. Simbaki, Ltd., 767 F.3d 475, 484 (5th Cir. 2014).

In an attempt to cure the defect, Wright filed the instant second motion for reconsideration and offers an explanation for the ten-year delay. See Record Document 45-1. Wright reiterates that he was illiterate and suffered from a mental disorder. See id. at 2. Wright argues that he only had access to state approved inmate counsel to prepare his filings and counsel did not make scheduled rounds. See id. He further asserts that the state approved inmate counsel were not providing adequate legal knowledge. See id. at 3. Wright alleges that he did not have "access to adequate means for enabling [his] ability to effectively communicate with the courts[,]" and therefore, he suspended pursuit of his habeas relief to "secure meaningful access to the courts by learning how to identify the correct understanding of Constitutional Law and how to apply it within the Federal Judicia[l] System." Id. at 8. Wright further argues that ten years was not an unreasonable delay because the time was necessary to adequately prosecute and defend his cause of action. See id.

The Court is unpersuaded by Wright's argument that the delay was caused by state appointed inmate counsel's failure to make scheduled rounds and provide adequate legal knowledge. State prisoners have no constitutional right to either an attorney or inmate counsel in state post-conviction proceedings. See Shinn v. Ramirez, 142 S. Ct. 1718, 1735 (2022). Therefore, the failure of state appointed inmate counsel to assist in filing this motion cannot be the basis for the ten-year delay. Additionally, Wright offers again his illiteracy as the impediment for his failure to file this motion for ten years. See Record Document 45-1 at 2. While this Court appreciates

Wright's explanation of his illiteracy, this Court finds that filing the motion nearly ten years after the district court's judgment on his habeas petition is *not* within the "reasonable time" contemplated by Rule 60(c)(1). See Fed. R. Civ. P. 60(c)(1); see also Gill v. Wells, 610 F. App'x 809, 813 (11th Cir. 2015) (finding that the petitioner's Rule 60(b) motion that was filed ten years after the challenged judgment was not filed within a reasonable time); see also Jackson v. Lumpkin, No. 9-CV-3656, 2020 WL 12969193, at *1 (S.D. Tex. Aug. 31, 2020) (a Rule 60(b)(6) motion filed ten years after the court dismissed the movant's petition was not made within a reasonable time); see also West v. Champion, 363 F. App'x 660, 664 (10th Cir. 2010) (holding that a Rule 60(b)(6) motion filed more than eight years after district court's judgment on habeas petition was not within a reasonable time); see also Tyler v. Anderson, 749 F.3d 499, 510 (6th Cir. 2014) (holding that the petitioner could have filed a Rule 60(b)(6) "motion pro se, as he had done before, within the period spanning more than ten years").

For the foregoing reasons, **IT IS ORDERED** that Wright's motion for reconsideration (Record Document 45) is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 18th day of October, 2023.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE